OPINION
{¶ 1} Defendant, Rasu Taylor, appeals from his conviction and sentence for possession of crack cocaine.
 {¶ 2} On December 17, 2006, shortly after midnight, Huber Heights police officer Shawn Waler observed a vehicle exit the rear parking lot of St. Peter's Church. The vehicle failed to *Page 2 
come to a complete stop at the stop sign at Alter and Celestine Streets, and then failed to signal its left turn onto Celestine Street. Officer Waler initiated a traffic stop based upon the traffic violations he observed. The vehicle immediately pulled into a private driveway. Officer Waler activated his emergency lights and pulled in behind the vehicle, blocking it in. The driver of the vehicle was Jai Taylor, and the front seat passenger was his brother, Defendant Rasu Taylor.
 {¶ 3} As Officer Waler approached the vehicle to cite the driver, he observed Defendant lean forward and to the right and shove what appeared to be a baggie of marijuana beneath him. Officer Waler told Defendant that he saw his dope, and called for back-up. Waler ordered the driver out of the vehicle and was patting him down when back-up arrived. Officer Waler noticed that Defendant appeared increasingly nervous.
 {¶ 4} Defendant suddenly exited the vehicle and ran. Officer Waler gave chase. After using his Taser, Officer Waler eventually subdued Defendant following a scuffle, during which Defendant struck Officer Waler and attempted to grab his gun. Defendant was taken into custody. Police found a cigarette pack containing crack cocaine on Defendant's person *Page 3 
and a baggie of marijuana in the street near the scene where Defendant was arrested.
 {¶ 5} Defendant was indicted on one count of aggravated robbery, R.C. 2911.01(B), one count of assault on a police officer, R.C. 2903.13(A), (C)(3), one count of possession of criminal tools, R.C. 2923.24(A), one count of tampering with evidence, R.C. 2921.12(A)(1), and one count of possession of crack cocaine in an amount between five and ten grams, R.C. 2925.11(A).
 {¶ 6} Defendant filed a motion to suppress the evidence. The trial court overruled Defendant's motion. The court concluded that the stop of the vehicle in which Defendant was a passenger was justified by the traffic violations Officer Waler observed, and that because Officer Waler saw Defendant try to hide a baggie of marijuana, Waler's investigatory stop and seizure of Defendant was based upon a reasonable suspicion of illegal drug activity.
 {¶ 7} This matter proceeded to a jury trial. At the close of the State's case and pursuant to Defendant's Crim. R. 29 motion for acquittal, the trial court dismissed the possession of criminal tools and tampering with evidence charges. The jury found Defendant not guilty of aggravated robbery and assault on a police officer, but guilty of possessing crack *Page 4 
cocaine. The trial court sentenced Defendant to a mandatory five year prison term.
 {¶ 8} Defendant timely appealed to this court, challenging the trial court's decision overruling his motion to suppress the evidence.
FIRST ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN FAILING TO SUPPRESS THE OBSERVATIONS OF, AND EVIDENCE OBTAINED BY, POLICE IN THE ABSENCE OF REASONABLE, ARTICULABLE SUSPICION OF CRIMINAL ACTIVITY."
 {¶ 10} In a motion to suppress, the trial court assumes the role of the trier of fact, and, as such, is in a better position than a reviewing court to resolve questions of fact and evaluate the credibility of the witnesses. State v. Clay (1972), 34 Ohio St.2d 250. Accordingly, in our review we accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's legal conclusion, whether that evidence meets the applicable legal standard. State v. Retherford
(1994), 93 Ohio App.3d 586.
 {¶ 11} Defendant claims that the trial court's findings of fact are not supported by competent, credible evidence. *Page 5 
Defendant argues that the testimony of the State's sole witness at the suppression hearing, Officer Waler, is not credible, and therefore the trial court's ruling denying the suppression motion was against the manifest weight of the evidence.
 {¶ 12} In State v. Coppage, Montgomery App. No. 19404, 2003-Ohio-2076, at ¶ 10, this court observed:
 {¶ 13} "When a defendant raises a manifest-weight argument, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and crated a manifest miscarriage of justice. State v.Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997-Ohio-52."
 {¶ 14} Defendant argues that, on these facts, Officer Waler's testimony that he observed the driver of the vehicle commit two traffic violations, failure to come to a complete stop at a stop sign and failure to signal a left turn, was not credible. Defendant points out that both the driver, Jai Taylor, and Defendant saw Officer Waler, and were aware that Waler was following their vehicle. Because of that, Jai Taylor was careful to follow all traffic laws, and he did come to a complete stop at the stop sign and signaled his left turn *Page 6 
onto Celestine Street from Alter Street. Defendant argues that human experience dictates that any person, knowing he is being followed by a police officer, would make every attempt to comply with all traffic laws. Therefore, Officer Waler's testimony defies common sense and is not worthy of belief because it asks one to believe that Jai Taylor, knowing Officer Waler was directly behind his vehicle, committed two traffic offenses. We disagree.
 {¶ 15} There is nothing inherently incredible about Officer Waler's testimony that he observed two traffic violations as to defy belief. Although both Jai Taylor and Defendant denied that any traffic violations occurred, Jai Taylor pled no contest to the traffic offenses, which effectively admits the facts the trial court found. Crim. R. 11(B)(2). Jai Taylor was driving under suspension, was aware that Defendant was in possession of drugs, and knew that Officer Waler was directly behind their vehicle. It may be that Taylor became so nervous and so preoccupied with Officer Waler's presence that he simply became careless. That suggestion is speculative, but Defendant's particular contention is no less so. In any event, Officer Waler's testimony that he observed two traffic violations was not so contrary to human experience as to be unworthy of belief. *Page 7 
 {¶ 16} Officer Waler also testified that as he approached the vehicle he observed Defendant attempt to hide a baggie of marijuana by shoving it beneath him. Defendant denied that he did. Defendant argues that Officer Waler's testimony is not credible or worthy of belief, given that it was then dark, Officer Waler approached from the opposite side of the vehicle from where Defendant was sitting, the baggie of marijuana was small and was rolled up in Defendant's hand, and Officer Waler caught only a brief glimpse of the baggie. On these facts, Defendant claims that Officer Waler's testimony about seeing Defendant trying to conceal marijuana is improbable at best. Again, we disagree.
 {¶ 17} Despite less than optimal lighting conditions and the small size of the baggie of marijuana, the trial court found that Officer Waler observed Defendant try to conceal a baggie of marijuana. The finding is supported by competent, credible evidence. Officer Waler used the white "take down lights" on his cruiser to illuminate the stopped vehicle. Officer Waler had a flashlight as he approached the stopped vehicle, which he used to illuminate the interior of the vehicle. When Officer Waler made contact with the driver, Jai Taylor, Waler asked him why his passenger attempted to hide marijuana. Officer Waler would have no reason to ask Jai *Page 8 
Taylor that question unless he had seen Defendant attempt to hide a baggie of marijuana. Furthermore, at the hearing, Officer Waler identified the baggie of marijuana that he said he saw Defendant attempt to hide, which was seized at the scene.
 {¶ 18} The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts, the trial court, to decide. State v. DeHass (1967), 10 Ohio St.2d 230. The trial court did not lose its way simply because it chose to believe Officer Waler's testimony rather than Defendant's or Jai Taylor's testimony, which it had a right to do. The court specifically stated that it found Officer Waler to be a more credible witness.
 {¶ 19} Officer Waler's testimony that he observed two traffic violations provided the probable cause necessary to stop the vehicle,Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, and his further testimony that he observed Defendant try to conceal a baggie of marijuana provided the reasonable suspicion of criminal activity necessary to an investigatory stop and seizure of Defendant. Terry v.Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. We cannot say that the trial court's decision overruling Defendant's motion to suppress the evidence was against the manifest weight of the *Page 9 
evidence or otherwise error.
 {¶ 20} As a final matter, and in relation to Defendant's claim that seizure of the evidence on which his conviction is based was improper, Defendant's headlong flight following Officer Waler's announcement that he had seen Defendant's "dope" was sufficiently suggestive of wrongdoing to permit Officer Waler to pursue and subdue him. Illinois v.Wardlow (2000), 528 U.S. 119, 120 S.Ct. 67 3, 145 L.Ed.2d 570. During the scuffle that followed, Defendant struck Officer Waler and attempted to grab his gun, providing probable cause for Defendant's arrest. The cocaine that served as a basis for his conviction was seized from Defendant's person in a valid search incident to his arrest. Draper v.United States (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. On those facts, the trial court did not err, when it denied Defendant's motion to suppress that evidence.
 {¶ 21} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. And WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 10 
 Hon. Barbara P. Gorman *Page 1